Joseph A. Martinis, J.
The District Attorney has moved this court for permission to be present at the psychiatric examination of the defendant by defendant’s own psychiatrist, who was appointed pursuant to article 18-B of the County Law. The defense vigorously opposes the application and asks for a categorical and summary denial.
The papers show that this defendant has interposed a defense of insanity by serving the requisite notice pursuant to CPL 250.10; that he spent over three years in Matteawan State Hospital; that afterwards he was deemed competent and he was sent back to stand trial. The court then ordered a psychiatric examination pursuant to article 730 of the CPL. Again the defendant was deemed competent to stand trial.
After the defense counsel obtained an order to have a psychiatrist appointed for the defendant on the ground of his indigency, the District Attorney asked in the instant motion for an order providing for his presence at the examination to be conducted by the psychiatrist. The People’s reliance for this relief is placed upon the recent Court of Appeals holding in the case of Matter of Lee v. County Ct. of Erie County (27 N Y 2d 432), which, among other things, granted permission *1096 to the defense counsel to he present at a court ordered examination, so that he not he deprived of meaningful cross-examination, and extended to the prosecutor an equal right.
The District Attorney uses the rationale of this holding and infers that implied in the decision is the converse of the holding, namely, that the prosecutor should he permitted to observe and take notes even at a psychiatric examination conducted by defendant’s own medical expert, for the purpose of having a full and open disclosure of the defendant’s position. Though logical, his argument cannot withstand the several statutory, legal and constitutional rights of the defendant that would be violated thereby. Besides which, such a corollary would be inapposite to the ratio decidendi of the decision. In Lee, the court, after carefully scrutinizing the Fifth Amendment rights of the defendant as coupled with those of the Sixth Amendment, finds a pro tanto waiver by a defendant who asserts the statutory defense of insanity (Penal Law, § 30.05) which subjects him to co-operating and answering questions posed by a court-appointed examiner in a court-ordered examination. The latter is declared not to be a secret examination, and therefore permits defense counsel to be present at a critical stage of the proceeding to give effect to the Sixth Amendment of the Constitution by providing the right to a meaningful cross-examination (Matter of Lee, supra, p. 444).
The examination by defendant’s own expert, however, is private and therefore secret. It is not actuated by a court order but by defense counsel’s own judgment. Were it not for the court order under article 18-B of the County Law, pursuant to which the defense psychiatrist #as appointed because of indigency, the State attorney would not have been privy to whether such examination would or would not take place. Such appointed medical expert is not acting under a court order but is in the same position as an expert retained by the defense. The monitoring by the prosecutor of such examination or interviews between the defendant and his psychiatrist would interfere with the making of the defense by the accused to the same extent as if a prosecutor were to be present at a conference between the defendant and his attorney. To compel defendant to be examined by his own psychiatrist in connection with his defense in the presence of the District Attorney is to contravene and violate all the basic rights granted an accused by the laws of the United States and the laws of the State of New York.
*1097 Though, in doing so, the District Attorney acted in good faith and made some very fine legal arguments in seeking to establish a free and open discovery, he lost sight of the paramount rights of an accused to his defense.
Accordingly, the motion is denied.